1
2
3
4
5
6
7
8
9
10

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

11   ROBERT CRAWFORD,                )
                                     )
12          Plaintiff,               )        3: 09-cv-0434-HDM-VPC
                                     )
13   vs.                             )
                                     )        **ORDER**
14   FRANK SHERMAN, *et al.*,        )
                                     )
15          Defendants.             )
     _____/
16
17

18          Plaintiff's civil rights complaint pursuant to 42 U.S.C. § 1983 was received in this court on

19   August 6, 2009.  (Docket #1.)   The court received payment of plaintiff's filing fee in this action on

20   December 18, 2009.  (Docket #24.)   Plaintiff filed an amended complaint on February 3, 2010.

21   (Docket #26.)  The case is now before the court for screening.

22   **I.      Screening Pursuant to 28 U.S.C. § 1915A**

23          Federal courts must conduct a preliminary screening in any case in which a prisoner seeks

24   redress from a governmental entity or officer or employee of a governmental entity.  *See* 28 U.S.C. §

25   1915A(a).  In its review, the Court must identify any cognizable claims and dismiss any claims that

26   are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary

1  relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A(b)(1),(2).  Pro se

2  pleadings, however, must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d. 696,

3  699 (9th Cir. 1988).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential

4  elements: (1) that a right secured by the Constitution or laws of the United States was violated, and

5  (2) that the alleged violation was committed by a person acting under color of state law.  *See West v.*

6  *Atkins*, 487 U.S. 42, 48 (1988).

7       In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation

8  Reform Act of 1995 ("PLRA"), a federal court must dismiss a prisoner's claim, "if the allegation of

9  poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief

10  may be granted, or seeks monetary relief against a defendant who is immune from such relief."  28

11  U.S.C. § 1915(e)(2).  Dismissal of a complaint for failure to state a claim upon which relief can be

12  granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same

13  standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint.

14  When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend

15  the complaint with directions as to curing its deficiencies, unless it is clear from the face of the

16  complaint that the deficiencies could not be cured by amendment.  *See Cato v. United States*, 70

17  F.3d. 1103, 1106 (9th Cir. 1995).

18       Review under Rule 12(b)(6) is essentially a ruling on a question of law.  *See Chappel v.*

19  *Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).  Dismissal for failure to state a

20  claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim

21  that would entitle him or her to relief.  *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).  In

22  making this determination, the Court takes as true all allegations of material fact stated in the

23  complaint, and the Court construes them in the light most favorable to the plaintiff.  *See Warshaw v.*

24  *Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).  Allegations of a pro se complainant are held to less

25  stringent standards than formal pleadings drafted by lawyers.  *See Hughes v. Rowe*, 449 U.S. 5, 9

26  (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  While the standard under Rule

2

1  12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels

2  and conclusions. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007).  A formulaic

3  recitation of the elements of a cause of action is insufficient. *Id., see Papasan v. Allain*, 478 U.S.

4  265, 286 (1986).

5          All or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the

6  prisoner's claims lack an arguable basis either in law or in fact.  This includes claims based on legal

7  conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims

8  of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful

9  factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319,

10  327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

11  **II.     Screening of the Complaint**

12          Plaintiff sues defendants Frank Sherman, a sergeant at Nevada State Prison ("NSP"), Officer

13  Curry, a senior officer at N.S. P., Tuesdale, a senior officer at NSP, Gladine Patras, assistant to the

14  warden of NSP, and John Doe, the mail room supervisor at NSP.  Plaintiff seeks compensatory and

15  punitive damages.

16          **A.     Defendants**

17          The Civil Rights Act under which this action was filed provides:

18                    Every person who, under color of [state law]     . . . subjects, or causes
                      to be subjected, any citizen of the United States. . . to the deprivation
19                    of any rights, privileges, or immunities secured by the Constitution. . .
                      shall be liable to the party injured in an action at law, suit in equity, or
20                    other proper proceeding for redress.  42 U.S.C. § 1983.

21  The statute plainly requires that there be an actual connection or link between the actions of the

22  defendants and the deprivation alleged to have been suffered by plaintiff. *See Monell v.  Department*

23  *of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976).  The Ninth Circuit has

24  held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the

25  meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or

26  omits to perform an act which he is legally required to do that causes the deprivation of which

3

1   complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

2   **B.      Count I**

3       Plaintiff alleges a first and fourth amendment violation based on the claim that between

4   September 2006 and September 2007, Kim Crawford sent Warden's Assistant Gladine Patras papers

5   regarding a death insurance policy, but Patras never forwarded these papers to plaintiff.  Plaintiff

6   claims that in 2009, Patras told Kim Crawford that she had lost the papers.  Plaintiff alleges that this

7   loss resulted in a delay in him obtaining the proceeds  from the insurance.  He claims that these

8   proceeds could have been used to pay the mortgage payments on properties that were part of his

9   mother's estate, and prevent foreclosure.

10      The first amendment protects, among other things, a person's right to free exercise of

11  religion, to freedom of speech, and to petition the government for redress of grievances.  The fourth

12  amendment protects persons against unreasonable searches and seizures.  Under the facts alleged by

13  plaintiff, neither of these amendments has any application to count I.

14      The fourteenth amendment prohibits the deprivation of life, liberty or property without due

15  process of law.  The due process clause of the fourteenth amendment is not violated when a state

16  employee negligently deprives an individual of property, provided that the state makes available a

17  meaningful postdeprivation remedy.  *Parratt v. Taylor*, 415 U.S. 527, 101 S.Ct. 1908 (1981).

18  Nevada law provides for civil actions for the wrongful deprivation of property by state officials.  *See*

19  NRS 41.031; NRS 41.0322.[1]  Plaintiff may seek redress in the state system, but he cannot sue in

20  federal court on the claim that the state deprived him of property without due process of the law.

21  _____

22      [1]  A person who is or was in the custody of the Department of Corrections may not proceed with

23  any action against the Department or any of its agents, former officers, employees or contractors to

24  recover compensation for the loss of his personal property, property damage, personal injuries or any

25  other claim arising out of a tort pursuant to NRS 41.031 unless the person has exhausted his

26  administrative remedies provided by NRS 209.243 and the regulations adopted pursuant thereto.

Plaintiff's claim against Gladine for deprivation of property will thus dismissed with prejudice.

**C.    Count II**

Plaintiff again cites the first and fourth amendments, claiming that he attempted to file papers with the state court contesting his mother's will and the appointment of Kim Crawford as administrator of the will, but that Sgt. Sherman stopped his outgoing mail and papers never reached the court.  Plaintiff claims that as a result, Crawford was appointed administrator, and that this lead to the foreclosure of the entire estate and the closing of the estate based on insolvency.  Plaintiff claims that he filed a civil complaint with the state court in Las Vegas and that although Tuesdale signed the brass slip, the mail never made it to the court.

A prisoner alleging a violation of his right of access to the courts under the first amendment must demonstrate that he has suffered "actual injury." *Lewis v. Casey*, 518 U.S. 343, 349-50 (1996).  The right to access the courts is limited to direct criminal appeals, habeas corpus proceedings, and civil rights actions challenging conditions of confinement. *Id*. at 354-55.  In this case, plaintiff alleges he was prevented from bringing a civil action related to the handling of an estate.  No first amendment right attaches to such an action.  Accordingly, count II will be dismissed with prejudice.

**D.    Count III**

In count III, plaintiff repeats his prior allegations, and adds a claim that Senior Officer Curry, Sgt. Sherman and Senior Officer Tuesdale prevented his civil complaint from reaching the state court.  Count III will be dismissed for the same reason as count II.

**E.    Conclusion**

After carefully reviewing plaintiff's allegations, the court finds that he does not state a constitutional claim in any of the counts contained within this complaint.  Accordingly, this action will be dismissed with prejudice.

**IT IS THEREFORE ORDERED** that this action is **DISMISSED with prejudice.**

1    The Clerk of the Court is directed to enter judgment accordingly, and to close this case.

2         DATED: July 12, 2010.

3

4                                                    _____
                                                     UNITED STATES DISTRICT JUDGE
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26